## Case No. 16,564.

### UNITED STATES v. TWENTY-FIVE THOUSAND GALLONS OF DISTILLED SPIRITS.

[7 Int. Rev. Rec. 206.]

Circuit Court, S. D. New York. June, 1868.[1]

INTERNAL REVENUE ACT—FORFEITURE OF SPIRITS —PAY OF INFORMER.

[A decree condemning liquor was entered by the consent of the claimant, but, before a sale thereunder, the decree, and all proceedings thereon, were vacated on claimant's motion, and he was allowed to come in and defend. After he filed his claim and answer, the cause was postponed for one term, and a final decree of condemnation was then rendered and carried into execution. Held, that the share of the informer in the proceeds was to be determined by the law in force at the time of such final decree.]

[Appeal from the district court of the United States for the Southern district of New York.]

NELSON, Circuit Justice. This suit was commenced March 3, 1866, by information, in the district court, to forfeit certain property

[1] [Affirming Case No. 14,282.]

for a violation of the internal revenue laws; and the question before us, arising on the decision of the court below; is as to the portion of the proceeds resulting from the condemnation that rightfully belongs to the reformer. The amount is large—$56,946 50. It is admitted that, according to the law as it stood at the time the information was given, and the seizure made, the informer was entitled to a moiety, but that, before the final decree of condemnation, the law had been changed, and the amount placed under the regulation of the secretary of the treasury, according to which, the amount to be allowed would be $5,000.

If the question rested alone on the facts above stated, it would be a very plain one, as we consider it to be a well settled rule, and which has been uniformly adhered to in practice, that the right of the informer does not attach until after the case has passed into judgment. Till then, the right is inchoate and imperfect. It appears, in this case, that a decree of condemnation had been entered by the consent of the claimants, March 10, 1866, which was before the change of the law, and when it gave to the informer the moiety. But before the execution of the decree by a sale of the property, on a motion by the claimant to the court, this decree and all proceedings thereon were vacated and set aside, and the party allowed to come in and defend the suit. In pursuance of this order he appeared, filed his claim and answer, and the cause was set down for trial for the May term, but was, in December following, postponed till the next term, when a final decree of condemnation was rendered and carried into execution. In the meantime the law providing for the share of the informer had been changed, as already stated.

We are of opinion that the history of the proceedings as above detailed, occurring after the first decree, do not vary the effect to be given to the final decree in the case. The power of the court to open the first is undoubted, and left the case in judgment of law, as if no decree had been entered till the final one in December. Whether or not the right of the informer does not attach irrevocably till the money is paid in on the decree does not arise, and, therefore, no opinion is expressed upon the question.

Decree below affirmed. [Case No. 14,282.]